**Benjamin M. PASTRANA et al.,
Plaintiffs,**

v.

**FOLDING BOX, CORRUGATED BOX
AND DISPLAY WORKERS LOCAL
381, etc., et al., Defendants.**

United States District Court
S. D. New York.

Nov. 20, 1962.

Cohen & Weiss, New York City, for plaintiff.

Poletti & Freidin, New York City, for defendant Star Corrugated Box.

Sturm & Perl, New York City, for defendant Folding Box, Corrugated Box and Display Workers, Local 381.

Luxemburg & Wyle, New York City, for defendant International Brotherhood of Pulp Sulphate & Paper Mill Workers.

MacMAHON, District Judge.

Plaintiffs, employees of Star Corrugated Box Co., Inc., and members of the Folding Box, Corrugated Box and Display Workers Local 381, move for a preliminary injunction enjoining defendants from giving any effect to, enforcing, or otherwise putting into operation a collective bargaining agreement executed between Local 381 and Star. The challenged contract has been in effect since October 14, 1962, and plaintiffs have been on notice of that fact since at least October 16, 1962.

Plaintiffs claim, and for the purposes of this motion, although the facts are in dispute, the court will assume, that the officers of Local 381 executed the contract despite the fact that on October 13, 1962 a majority of the employees of Star voted to reject the contract and to go on strike.

Plaintiffs contend that the Union's execution of the contract, despite its rejection by a majority of Star's employees, constitutes a breach of duty imposed by the National Labor Relations Act to represent the plaintiffs fairly and equitably.

Plaintiffs concede, however, that they have no authority to support their contention. They rely on analogies to Steele v. Louisville & Nashville R. R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944) and Ford Motor Co. v. Huffman, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953). Those cases clearly deal with charges of discriminatory action and have no application here where no discrimination, invidious or otherwise, is even claimed. See Cunningham v. Erie R. R., 266 F.2d 411 (2 Cir. 1959). Moreover, it is undisputed that Local 381 was the statutory bargaining representative. As such, the authorities would indicate that it had a right to enter into the agreement with Star despite rejection by a majority of Star's employees. Midland Rubber Corporation, 108 N.L.R.B. 930 (1954); Texas Company, 112 N.L.R.B. 164 (1955); Appalachian Shale Products Company, 121 N.L.R.B. 1160 (1958).

Admittedly, plaintiffs have had knowledge that the contract has been in effect since October 14, 1962, but did not seek injunctive relief until the contract had been in effect for over a month. In the meantime, the rival Union, Local 27, filed unfair labor practice charges against Star, the employer, before the National Labor Relations Board, alleging violations of Sections 8(a) (1) and (2) of the National Labor Relations Act because, among other things, the employer signed an agreement with Local 381 after notice that a majority of Star's employees had voted to reject the contract. Counter-charges were filed by Star alleging violation of Section 8(b) (7) (A) of the Act on the ground that Local 27 was seeking recognition by picketing. The Regional Director of the Board investigated the charges and counter-charges and dismissed the charges of Local 27, thereby finding the challenged contract valid.

■■ To grant a preliminary injunction in these circumstances would be tantamount to giving plaintiffs essentially all the relief which they could obtain if they were successful finally in the action. Injunctive relief which seeks not to pre-serve the status quo but to restore the status quo ante should be sparingly granted because in the interim, while plaintiffs have delayed seeking relief, the rights of affected persons, in this case the employer and those employees who have been working for over a month and receiving the benefits of the agreement, have intervened. At best, plaintiffs' application poses both novel and doubtful questions of law, and the answering affidavits pose issues of fact. Plaintiffs, therefore, fail to show a clear right to relief by way of preliminary injunction. This, coupled with laches and the fact that an injunction would disrupt the economic interest of both the employer and those employees who have been working under the contract for over a month, impels this court, in the exercise of its discretion, to deny this motion for a preliminary injunction.

It is so ordered.