Linwood T. FORD et al.

v.

Edward KAMMERER et al.

Civ. A. No. 68–944.

United States District Court
E. D. Pennsylvania.

Aug. 14, 1968.

Stephen A. Sheller, Philadelphia, Pa., for plaintiffs.

M. H. Goldstein, Philadelphia, Pa., for defendants.

## SUR PLEADINGS AND PROOF

JOHN W. LORD, Jr., District Judge.

This is a labor law matter before the Court on an application for a preliminary injunction. Plaintiffs seek an order enjoining and restraining the individual defendants and all other persons acting in concert with them and under their direction and on their behalf from denying plaintiffs their right to union membership and their right to participate as full members of defendant Local 845, defendant Carpenters' District Council and Defendant Carpenters' National Union.

## FINDINGS OF FACT

The facts, as pertain to plaintiffs Smith, Perkins, Henninger, Kessler, Lowden and Preston, partly as stipulated and partly as found by the Court are as follows:

*As Stipulated by Counsel.*

1. Plaintiffs are individuals residing in the Commonwealth of Pennsylvania.

2. Defendant Local 845, United Brotherhood of Carpenters and Joiners (hereinafter referred to as "Local 845") is a labor organization within the meaning of the Labor-Management Reporting and Disclosure Act of 1959 (hereinafter referred to as "LMRDA"). 29 U.S.C.A. §§ 401–531.

3. Defendant Metropolitan District Council of Philadelphia and Vicinity of the United Brotherhood of Carpenters and Joiners of America (hereinafter referred to as "District Council") is a joint council of all Philadelphia and vicinity local union affiliates of the United Brotherhood of Carpenters and Joiners of America.

4. Defendant United Brotherhood of Carpenters and Joiners of America (hereinafter referred to as "Carpenters' National Union") is an International union with which defendant Local 845 and defendant District Council are affiliated and by whose Constitution and laws said defendants are governed.

5. John J. Crawford was President of Local 845 on July 28, 1965 through February 23, 1966.

6. Defendant Joseph Seefeldt is a Business Agent for defendant District Council.

7. Defendant Robert H. Gray is Secretary-Treasurer of defendant District Council.

*As Found by this Court.*

8. An applicant for membership in Local 845 presented himself for initiation into membership at the meeting of the Local 845 held on August 25, 1965. In accordance with requirements of the Initiation Ceremony Ritual, President Crawford rapped his gavel three times and requested the members of Local 845 who were present to rise while he initiated the applicant for membership. Plaintiffs, Henninger, Perkins, Kessler, Smith, Preston and Lowden refused to rise. Pursuant to Section 33C of the Constitution and Laws of the Brotherhood (which are set forth below in Finding of Fact 9), President Crawford again requested plaintiffs to rise and when they failed to do so, he told each of them that he was fining him fifty cents. The six plaintiffs still refused to rise and he thereupon told each of them that he was fining him $1.00 and requested them to leave the meeting room. Plaintiffs, nevertheless, remained in their seats. He thereupon told them that he was suspending them from attending meetings of Local 845 for three months.

9. On or about September 8, 1965, aforesaid plaintiffs were again told that on August 25, 1965, at a regular meeting of Local 845, they had been suspended for a period of three months for the reason that they had failed to stand when instructed to do so by the chairman at the meeting. The suspension was levied pursuant to Section 33C of the Constitution and Laws of the United Brotherhood of Carpenters and Joiners of America (hereinafter referred to as the "Constitution of the Brotherhood") which states as follows:

Any member entering the meeting in a state of intoxication, or who disturbs the harmony thereof, or uses profane or unbecoming language during the meeting shall be admonished by the Chair, and if the member again offends, shall be assessed Fifty Cents (50¢); for the second offense, One Dollar ($1.00) and excluded from the room; for the third offense the member shall be suspended from attending meetings for three months. A visiting member shall be subject to these Laws, and assessments shall be paid to the Local Union where the offense is committed. The President shall strictly enforce this section.

10. Plaintiffs were summarily punished without compliance with section 101(a) (5) of the LMRDA requiring a hearing after written specific charges are filed against them.

11. After the August 25, 1965 meeting at which all aforementioned plaintiffs were suspended, all said plaintiffs continued to attend regular meetings while under the three months' suspension.

*Further, As Stipulated by Counsel.*

12. After receiving notice of said suspension, the aforesaid plaintiffs began their appeal procedure in accordance with the Constitution of the Brotherhood and exhausted all reasonable internal union remedies to resolve this dispute within the union.

13. On or about February 3, 1966, aforesaid plaintiffs received notification that charges were brought against them for violating Section 55A, paragraphs (1) and (13) of the Constitution of the Brotherhood specifically in that they failed to stand at the meeting when requested to do so by the chairman, and paragraphs (1) and (13) in that they continued to attend meetings although under suspension.

14. Hearings were held before a Trial Committee of the District Council on these charges against the aforesaid plaintiffs.

15. The Trial Committee found plaintiffs Smith, Perkins, Henninger, Kessler, Lowden and Preston guilty of the charges and the District Council fined them each $250.00, suspended them each for a period of five years, and permitted them to come to local union meetings for the sole purpose of paying dues.

16. Said six plaintiffs have exhausted all reasonable internal union remedies.

17. The suspension referred to in Finding of Fact 15 hereof is embodied in the decision of the District Council which reads as follows:

"* * * suspended from all union activities in the United Brotherhood for a period of five (5) years, which includes but is not limited to the following: He shall not be permitted to vote, to hold office as a delegate, as an officer or Business Agent in the Local Union meetings, and shall be placed on probation for five (5) years under the supervision of the District Council." (Plaintiffs' Exhibit #10).

As for plaintiff, Linwood T. Ford, the following will serve as this Court's

## FINDINGS OF FACT

18. Plaintiff is an individual residing in the Commonwealth of Pennsylvania.

19. Similar to Finding of Fact 2 as pertain to the other six plaintiffs.

20. Similar to Findings of Fact 3 through 7 as pertain to the other six plaintiffs.

21. At the meeting of Local 845, held on July 28, 1965, plaintiff Ford, was ruled out of order and refused to take his seat though instructed three times to do so by the Chairman who thereupon under Section 33C of the Constitution of the Brotherhood forthwith fined him fifty cents for the first offense; for the second offense fined him $1.00 and directed him to leave the meeting room. When Ford refused to do so, the Chairman suspended Ford from attending meetings for three months and again directed him to leave the room. Ford remained in the meeting room.

22. Despite his suspension from attending meetings for three months, plaintiff Ford attended the meeting of Local 845 on August 11, 1965, and refused to comply with the Chairman's request that he leave the meeting, and also attended and remained present throughout the meetings of Local 845 held on August 25, September 8, Sep-

tember 22, October 13, and October 27, 1965.

23. Plaintiff Ford has exhausted all reasonable internal union remedies.

24. Plaintiff Ford was summarily punished without compliance with section 101(a) (5) of the LMRDA requiring a hearing after written specific charges were filed against him.

25. Plaintiff Ford was found guilty by the Trial Committee of the District Council of attending meetings while under suspension and of disorderly conduct at the July 28, 1965 meeting. He was suspended for a period of five years and fined $300.00. Under the five (5) year suspension, Ford was and is prohibited, among other things, from voting, or holding office as a delegate, officer, or Business Agent in the Local Union meetings. (Plaintiffs' Exhibit #16).

## DISCUSSION

 The issue in this case is whether section 101(a) (5) of the LMRDA which provides:

No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

(b) Any provision of the constitution and bylaws of any labor organization which is inconsistent with the provisions of this section shall be of no force or effect.

precludes the right of a labor union to summarily punish disorderly members during the course of a union meeting. As stated above (see Finding of Fact 9), section 33C of the Constitution of the Brotherhood makes disorderly conduct by a union member during a union meeting a punishable offense against the organization. Furthermore, it provides for penalties and methods of levying

same in case of such violation. It is the opinion of the Court that while the Union may properly make disorderly conduct a punishable offense, it is nevertheless precluded from imposing immediate summary punishment for the offense. While a union may properly suspend a member for disorderly conduct, such suspension is invalid "unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." 29 U.S.C.A. § 411(a) (5); Allen v. Bridge, Structural & Ornamental Iron Workers, Local 92, 47 LRRM 2214 (N.D.Ala. 1960).

It is argued by defendants that section 101(a) (2) of the LMRDA impliedly carves out an exception to the guarantees of 101(a) (5) in the case of disorderly conduct violations. Section 101(a) (2) provides:

> (2) *Freedom of speech and assembly.*—Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *Provided,* That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations. 29 U.S.C.A. § 411(a) (2).

It is submitted that the word "herein" specifically applies to section 101(a) (2) in that while union members are guaranteed freedom of speech and assembly, these rights are not absolute; rather they are subject to reasonable reg-ulation. However, such reasonable substantive regulation cannot dispense or bypass procedural safeguards as embodied in Section 101(a) (5). Analogously, while a state may validly limit free speech by making "inciting to riot" a crime, it can certainly not at the same time dispense with procedural due process in the cases of individuals accused of such crime. This is what these defendants would have us sanction here.

Defendants further maintain that even if the original suspensions were null and void, the five-year suspension imposed by the District Council should stand because they were only in *part* based on the attendance of meetings while under suspension by the plaintiffs; being also based on the original disorderly conduct (failure to stand) of the plaintiffs. In the case of Graham v. Soloner, 220 F.Supp. 711 (E.D.Pa.1963) decided by Judge Joseph S. Lord, III of this Court, it was held that when a union penalty is imposed on the basis of more than one charge, and one of the charges is declared void, the entire punishment fails. This being the case, the entire five-year penalty fails in the present case. The District Council's decision (embodied in Findings of Fact 17 and 25) prohibits the plaintiffs from voting, or holding office as a delegate, officer, or Business Agent in the Local Union meetings. It is apparent to this Court that such prohibitions clearly constitute irreparable harm to the plaintiffs.

A preliminary injunction in favor of plaintiffs Smith, Perkins, Henninger, Kessler, Lowden, Preston and Ford and against all defendants should issue immediately. While this Court is sensitive to the fact that full restoration of membership is extraordinary injunctive relief, such restoration is fully warranted in the present case. Graham v. Soloner, supra. Compare Allen v. Bridge Workers, supra, with Pastrana v. Folding Box, Corrugated Box and Display Workers, 212 F.Supp. 639, 640 (S.D.N.Y. 1962).

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter.

2. The suspensions of the plaintiffs are in violation of the LMRDA § 101(a) (5), (29 U.S.C.A. § 411(a) (5) ). The suspensions levied by the District Council, being based in part on the void three months' suspensions are invalid also.

3. Plaintiffs have shown that they will be irreparably harmed if their suspensions are not vacated in that they cannot, among other things, vote or hold office in the Union.

4. Plaintiffs have demonstrated that there is reasonable probability they will succeed in a final hearing in this action. Ikirt v. Lee National Corp., 358 F.2d 726 (3rd Cir.1966).

5. Defendants are enjoined from continuing in effect the suspensions of the plaintiffs.