### The CORPORATION OF HAVERFORD COLLEGE et al., Plaintiffs,

v.

### Kenneth R. REEHER, individually and as Executive Director of the Pennsylvania Higher Education Assistance Agency, et al., Defendants.

### Civ. A. No. 70–2411.

United States District Court,
E. D. Pennsylvania.

Oct. 15, 1971.

---

15.

Before BIGGS, Circuit Judge, and LORD and DITTER, District Judges.

PER CURIAM.

### CONSENT DECREE

And now, this 15th day of October, 1971, with the consent of the parties hereto, it is ordered as follows:

1. Defendants, their agents, assistants, successors, employees, attorneys and all persons acting in concert or cooperation with them or at their direction are hereby enjoined and restrained from the use, operation, enforcement, execution and application of section (a) (1), (a) (2), and (a) (3) of 24 P.S. §§ 5104.1 and 5158.2 and all rules, regulations, practices and procedures promulgated or utilized pursuant thereto except for that part of both subsections of (a) (1) which permits the denial of financial assistance to any student convicted of a felony.

2. Except for the obligation of institutions of higher learning to report information relating to the conviction of a felony the remaining obligation of institutions of higher learning contained in any and all agreements promulgated or entered into by and between the Pennsylvania Higher Education Assistance Agency (PHEAA) and any institution of higher learning under the authority of or pursuant to 24 P.S. §§ 5104.1 or 5158.2 (including but not limited to the form of agreement attached to the Complaint as Exhibits "B", "K", "N2" and "S") are declared null and void and of no effect as if they had never been entered into.

3. Any institution of higher learning removed from the list of PHEAA approved institutions of higher learning because of the use, operation, enforcement, execution or application of 24 P.S. §§ 5104.1 or 5158.2 or any rule, regulation, practice or procedure promulgated or utilized pursuant thereto shall be reinstated to such list as if it had never been removed provided that such institution enters into an agreement on a form provided by PHEAA which form shall require such institution to report or advise PHEAA, on the request of PHEAA, if such institution has knowledge of the name and address of Pennsylvania resident students who are recipients of PHEAA aid who have been convicted in any court of record of any criminal offense which under the laws of the United States or of the Commonwealth of Pennsylvania would constitute a felony committed after the effective dates of 24 P.S. §§ 5104.1 and 5158.2 (October 29, 1969 for scholarship recipients under 5158.2 and December 18, 1969 for loan guaranty recipients under 5104.1). Institutional knowledge shall be facts contained in the academic, disciplinary or financial student records of the institution and facts known to the Dean of Students, Director of Financial Aid and President of the institution or persons occupying such positions by whatever titles designated by the institution.

4. Any student who is ineligible for PHEAA aid solely because the institution of higher learning he attended was removed from the list of PHEAA approved institutions for failure to comply with 24 P.S. §§ 5104.1 or 5158.2 or any rule, regulation, practice or procedure promulgated or utilized pursuant thereto shall be and is hereby eligible for PHEAA aid for the 1970–71 academic year provided the institution of higher learning which he attended during such academic year is reinstated to the PHEAA list of approved institutions.

5. For students attending institutions of higher learning which were removed from the PHEAA list of approved institutions, defendants shall extend the deadline for the filing of any such student application for PHEAA aid for the 1971–72 academic year to 45 days after the mailing of the notice of the extension of such deadline to each such institution by PHEAA.