The **CORPORATION OF HAVERFORD COLLEGE et al., Plaintiffs,**

v.

Kenneth R. **REEHER, individually and as Executive Director of the Pennsylvania Higher Education Assistance Agency, et al., Defendants.**

**Civ. A. No. 70–2411.**

United States District Court,
E. D. Pennsylvania.

Feb. 10, 1972.

Lawrence Silver, Burton Caine, Philadelphia, Pa., for Henry D. Kelly.

John D. Killian, Harrisburg, Pa., for defendants.

Henry W. Sawyer, III, Philadelphia, Pa., for U. S. Nat'l Student Assn., amicus curiae.

Before BIGGS, Circuit Judge, and LORD and DITTER, District Judges.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

Henry D. Kelly, a student in good standing at Haverford College, an applicant for scholarship aid from the Pennsylvania Higher Education Assistance Agency ("PHEAA"), and a member of the plaintiff class, has moved this court for an order holding Gary D. Smith, Kenneth R. Reeher, John D. Killian, and PHEAA[1] in contempt of court for violating the consent injunction entered in this case. The consent decree was first entered by this court on August 30, 1971 as an interim injunction which continued in full force and effect until it was made final by order of this court dated October 15, 1971, 333 F.Supp. 450. The relevant section of the injunction [as amended February 4, 1972] reads:

"1. Defendants, their agents, assistants, successors, employees, attorneys and all persons acting in concert or cooperation with them or at their direction are hereby enjoined and restrained from the use, operation, enforcement, execution and application of section (a) (1), (a) (2), and (a) (3) of 24 P.S. §§ 5104.1 and 5158.2 and all rules, regulations, practices and procedures promulgated or utilized pursuant thereto except for that part of both subsections (a) (1) which permits the denial of financial assistance to any student convicted of a felony."

Kelly is presently under indictment in the Eastern District of Pennsylvania, Criminal Action No. 70–71, for refusal to register for the draft in violation of 50 U.S.C. App. § 453. The indictment was returned February 19, 1970, and the case is presently pending before the Honorable John P. Fullam. On October 13, 1971, Gary D. Smith wrote to Kelly stating that because Kelly has been charged with refusal to register with the Selective Service, Kelly's eligibility for state financial aid would be withheld pursuant to Section 1(a) (1) of PHEAA Regulation 105[2] which provides in pertinent part:

"(a) The Agency may withhold eligibility for loan assistance and/or

---

1. Gary D. Smith is the successor to defendant Thomas R. Fabian as the Director of the Scholarship Division of PHEAA; John D. Killian is the attorney for the defendants; and Kenneth R. Reeher and PHEAA are defendants.

2. Regulation 105, Section 1(a) reads as follows:
   "Section 1. Withholding Financial Assistance Eligibility.
   (a) The Agency may withhold eligibility for loan assistance and/or scholarship assistance until the eligibility status of the student applicant or recipient has been reviewed and continued eligibility has been determined in any case where the student:
   (1) Has been arrested and charged with a felony or a misdemeanor involving moral turpitude;
   (2) Has been expelled, dismissed or denied enrollment by an approved institution of higher learning for refusal to obey a lawful regulation or order of such institution, which refusal, in the

scholarship assistance until the eligibility status of the student applicant or recipient has been reviewed and continued eligibility has been determined in any case where the student:

(1) Has been arrested and charged with a felony * * *."

In order to determine whether PHEAA is in contempt of the consent decree, we must determine whether the decree bars the use of Regulation 105. Rule 65(d) of the Federal Rules of Civil Procedure provides that orders granting injunctions "shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." In construing this language in an appeal of a contempt order based on a violation of a preliminary injunction, the Third Circuit has stated:

" * * * This language strongly suggests that prohibited conduct will not be implied from such orders; that they are binding only to the extent they contain sufficient description of the prohibited or mandated acts. The long-standing, salutary rule in contempt cases is that ambiguities and omissions in orders redound to the benefit of the person charged with contempt." Ford v. Kammerer, 450 F.2d 279, 280 (C.A. 3, 1971).

The consent decree enjoins the use of regulations promulgated or utilized pursuant to Sections (a) (1), (a) (2) and (a) (3) of 24 P.S. §§ 5104.1 and 5158.2, and these sections refer only to *denial* of financial assistance. Section 1 of Regulation 105 refers, not to denial, but only to *withholding* of eligibility for financial assistance. The preamble to the regulation states that it was promulgated pursuant to four acts[3] and not pursuant to any specific section of those acts. Two of the acts originally authorized the loan and scholarship assistance program and grant PHEAA general rule making powers for the exercise of its functions[4] while the other two acts include the student conduct amendments, 24 P.S. §§ 5104.1 and 5158.2, which are the subject of the consent injunction. It would appear that Section 1 of Regulation 105 could not have been promulgated under the student conduct amendments which refer to denial of financial assistance because Section 1 refers to withholding of eligibility, a term not mentioned in either one of the two provisions which we declared unconstitutional. Corporation of Haverford College v. Reeher et al., 329 F.Supp. 1196 (E.D.Pa., 1971). Rather, it would appear that Section 1 of Regulation 105 was promulgated under the general authority delegated to PHEAA in the original loan and scholarship acts to adopt rules and regulations. to further the operations of those programs.

opinion of the institution, contributed to a disruption of the activities, administration or classes of such institution;

(3) Has been convicted in any court of record of any offense committed in the course of disturbing, interfering with or preventing, or in an attempt to disturb, interfere with or prevent the orderly conduct of the activities, administration or classes of an institution of higher learning; or

(4) Has committed any misconduct, including but not limited to summary offenses and misdemeanors which in the judgment of the Agency bears adversely on his character or fitness for eligibility for financial assistance under the programs of the Agency."

3. "This regulation has been adopted pursuant to authority contained in Act No. 290, approved August 7, 1963, Act No. 541, approved January 25, 1966, Act No. 116, approved October 29, 1969 and Act No. 169, approved December 18, 1969."

4. The Loan Act (Act No. 290), as amended by Act No. 424 approved January 18, 1968, authorizes the PHEAA to "adopt rules and regulations not inconsistent with law governing matters relating to its activities." 24 P.S. § 5104(6). The Scholarship Act (Act No. 541) specifically authorizes PHEAA "to make all necessary and proper rules" for the efficient exercise of its functions. 24 P.S. § 5152.

Although the withholding of eligibility regulation was not promulgated pursuant to the two provisions which we declared unconstitutional, it is possible that the regulation comes within the terms of the consent injunction because it is utilized pursuant to the invalidated provisions. The purpose of the withholding regulation is to permit PHEAA to review the status of applicants or recipients whose conduct may ultimately make them ineligible for financial assistance under the requirements of the scholarship and loan programs. It is clear that PHEAA can only withhold eligibility to review the status of students who may have engaged in conduct which can properly form the basis of denial of assistance. The consent injunction prohibits denial of aid on the basis of certain conduct, e.g., conviction of a misdemeanor involving moral turpitude. Therefore Regulation 105 falls within the consent injunction's ban against use of regulations utilized pursuant to the student conduct amendments to the extent that Regulation 105 permits withholding of eligibility for conduct which under the consent injunction can no longer form the basis of denial of aid.[5] Because the consent injunction does not prohibit denial of aid for a felony conviction, the portion of Regulation 105 which permits withholding of eligibility for felony charges is not barred by the decree.

We conclude that Section 1(a) (1) of Regulation 105 concerning withholding eligibility based on felony charges was not promulgated or utilized pursuant to the invalidated portion of the student conduct amendments and that use of this section is not enjoined by the consent decree. We emphasize that our decision is strictly limited to the question of whether PHEAA and the named individuals should be held in contempt of the consent injunction. The question of whether the Constitution prohibits the withholding of eligibility for state financial assistance on the grounds that a student has been arrested and charged with a felony is beyond the scope of the present contempt proceedings, and we specifically decline to rule on it at this time.

5. At oral argument, PHEAA conceded that the remainder of Section 1(a) of Regulation 105 which follows the provision concerning felony arrest and charge is invalid under the consent injunction.