**Linwood T. FORD et al.**

v.

**Edward KAMMERER et al.**

**Nos. 19127–19129.**

United States Court of Appeals,
Third Circuit.

Argued Sept. 28, 1971.

Decided Oct. 29, 1971.

Leonard M. Sagot, Ettinger, Poserina, Silverman, Dubin, Anapol & Sagot, Philadelphia, Pa. (M. H. Goldstein, Philadelphia, Pa., on the brief), for defendants-appellants.

Stephen A. Sheller, Astor & Weiss, Philadelphia, Pa., for appellees.

Before SEITZ, Chief Judge, HASTIE, Circuit Judge, and HERMAN, District Judge.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal of a contempt order based on a violation of a preliminary injunction. The injunction was issued in connection with an action to declare a labor union's method of imposing certain disciplinary procedures violative of the Labor-Management Reporting and Disclosure Act, 29 U.S.C.A. § 411(a) (5) (1965).

Whether or not the district court issued the preliminary injunction on the basis of a correct or incorrect view of the law, the order must unquestionably be obeyed. Howat v. Kansas, 258 U.S. 181, 189–190, 42 S.Ct. 277, 66 L.Ed. 550 (1922). However, it need be obeyed only to the extent it reasonably specifies the conduct prohibited. Thus, Rule 65(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. (1970), provides that orders granting injunctions "shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." This language strongly suggests that prohibited conduct will not be implied from such orders; that they are binding only to the extent they contain suffi-cient description of the prohibited or mandated acts. The long-standing, salutary rule in contempt cases is that ambiguities and omissions in orders redound to the benefit of the person charged with contempt.

The written findings made by the district court, 287 F.Supp. 853, in connection with issuance of the preliminary injunction clearly reveal the court's view that summary punishment by unions violates the statute. However, the crucial defect is that the provisions of the order contain no prohibitory language explicitly addressed to the summary punishment area. It follows that the language of the injunction did not prohibit the conduct which formed the basis for the contempt order.

The order of the district court will be reversed.