UNITED STATES of America, Plaintiff-Appellee,

v.

Yair HOLTZMAN, Defendant-Appellant.

No. 84–5531.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 6, 1984.

Decided March 12, 1985.

---

Maria A. Iizuka, Washington, D.C., for plaintiff-appellee.

J. Eric Isken, Graham & James, Los Angeles, Cal., for defendant-appellant.

Before WALLACE, FLETCHER, and REINHARDT, Circuit Judges.

WALLACE, Circuit Judge:

Alonim, formerly Holtzman, appeals from the district court's denial of his motion to vacate a permanent injunction issued in connection with a 1978 judgment that he violated section 203(a)(1) of the Clean Air Act (the Act), 42 U.S.C. § 7522(a)(1) (section 7522(a)(1)). He seeks relief from the injunction to the extent that it prohibits him from importing motor vehicles without prior certification of conformity with the Clean Air Act. The district court exercised jurisdiction under 28 U.S.C. § 1345 and 42 U.S.C. § 7523. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

I

Alonim is in the business of importing for resale foreign-made automobiles not intended for general distribution in the United States. Section 7522(a)(1) prohibits the importation of vehicles into the United States unless they conform to anti-pollution standards set by the Environmental Protection Agency (EPA).

Manufacturers of imported vehicles ordinarily obtain certificates from the EPA acknowledging that their vehicles conform to the standards before they arrive in the United States. These manufacturers do not bother obtaining such certificates, however, for the few specialty imports brought in by businessmen like Alonim. Section 7522(a)(1) allows importation of such vehicles without certificates of conformity if, but only if, they are imported conditionally in accordance with regulations issued by the EPA pursuant to section 203(b)(2) of

the Clean Air Act, 42 U.S.C. § 7522(b)(2) (section 7522(b)(2)).

Current regulations allow conditional importation if the importer promises to bring the vehicle into conformity within a specified time. 19 C.F.R. § 12.73(b)(x–xi), (c) (1984); 40 C.F.R. §§ 85.1504–85.1509 (1984). These regulations also require conditional importers to post a bond to secure compliance. 19 C.F.R. § 12.73(c) (1984). If the importer fails to bring the vehicle into conformity within the prescribed time, the importer must return the vehicle to United States Customs at the port of entry. 19 C.F.R. § 12.73(c) (1984). Failure to do so may result in forfeiture of the bond, *id.*, as well as civil penalties for violation of the Act. 40 C.F.R. § 85.1508 (1984). If the importer brings the vehicle into conformity, the EPA issues final approval to admit the vehicle permanently into the United States. *Id.* § 85.1504.

In 1978, the district court found that Alonim intentionally violated section 7522(a)(1) by importing eighteen automobiles into the United States that were neither covered by certificates of conformity nor brought into conformity within the specified time. In addition to assessing civil penalties of $22,000 against him, the district court issued a permanent injunction which, among other things, enjoined him as follows:

1. The defendant is permanently enjoined and restrained from importing into the United States any motor vehicle or motor vehicle engine, or selling or offering for sale or introducing or delivering for introduction into commerce any motor vehicle or motor vehicle engine, which is not covered by a certificate of conformity issued by the Administrator of the Environmental Protection Agency of the United States, pursuant to the Clean Air Act as amended, 42 U.S.C. § 1857 *et seq.* [current version at 42 U.S.C. § 7522 *et seq.*], unless defendant receives prior notice of the vehicle's or engine's conformity from the Environmental Protection Agency.

2. The defendant is permanently enjoined and restrained from importing any motor vehicles or motor vehicle engines into the United States unless the requirements of 19 C.F.R. [§] 12.73 and 40 C.F.R. [§§] 85.1501 through 1509 are strictly adhered to.

In 1979, Alonim consented to entry of a second section 7522(a)(1) judgment, this time for importing thirteen nonconforming vehicles during the period in which the first case was pending. The district court fined him $10,500 and issued an identical permanent injunction. Alonim never appealed these judgments.

Alonim claims he always understood paragraph 1 of the injunction to prevent him from unlawfully importing any nonconforming vehicle, but permitting him, pursuant to paragraph 2, to import nonconforming vehicles conditionally under bond as long as he complied strictly with the regulations governing conditional imports. Thus, he interpreted these two paragraphs as alternative methods of compliance. In October 1982, however, the EPA Administrator, through the United States Attorney, informed Alonim that he viewed paragraph 1 as prohibiting him from importing any nonconforming vehicle. He interpreted paragraph 2 as advising him to comply with regulations governing the importation of conforming vehicles.

Because of this dispute, Alonim filed a motion on December 1, 1982 to correct or clarify the 1978 injunction. It was necessary to reassign the case to a new district judge. The new judge denied the motion without giving reasons. Alonim did not appeal. Instead, on November 4, 1983, Alonim filed a motion to vacate as void the two disputed paragraphs of the injunction because he interpreted the court's denial of his motion to clarify as an implicit acceptance of the government's interpretation. The new district judge denied this motion, again without giving reasons. This appeal followed.

## II

■ Alonim contends that the disputed portions of the injunction should be set

aside as void, pursuant to rule 60(b)(4), Fed.R.Civ.P., because the government's apparently favored interpretation would permanently bar him from engaging in lawful activity. Because the question of a judgment's voidness is a legal one, our standard of review is de novo. *See United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

■ Alonim's argument is without merit. "A judgment is not void merely because it is erroneous." 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2862, at 198 (1973). There is no claim that the district court lacked jurisdiction of the subject matter or of the parties. Rather, Alonim asserts that the district court acted "plainly outside the authority conferred upon the court by the Clean Air Act." An argument can be made that a judgment is void if a court plainly misinterprets the scope of a statutory grant of jurisdiction such that there is a blatant usurpation of power. *See* 7 J. Moore, *Moore's Federal Practice* ¶ 60.25[2], at 60–226 to 60–228 (1983). Obviously, this would rarely occur because courts necessarily have room in which to interpret the scope of jurisdictional grants. *Id.* The district court did not plainly misinterpret the scope of its delegated power when it issued the injunction against Alonim.

Federal courts have jurisdiction to hear cases in which the United States is a plaintiff, 28 U.S.C. § 1345, and the Clean Air Act specifically grants federal courts jurisdiction "to restrain violations of [the Act]." *Id.* § 7523(a). It is possible to "restrain" violations merely by assessing civil penalties, but most cases interpreting statutes with similar jurisdictional grants have interpreted the power to restrain as including the power to enjoin. *See, e.g., United States v. United States Gypsum Co.*, 340 U.S. 76, 88–89, 71 S.Ct. 160, 169–70, 95 L.Ed. 89 (1950) (interpreting Sherman Act, which authorizes courts to "prevent and restrain" violations, as affording power to enjoin); *United States v. Vitasafe Corp.*, 345 F.2d 864, 870 (3d Cir.) (same with the

Food, Drug & Cosmetic Act which affords power to "restrain" violations), *cert. denied,* 382 U.S. 918, 86 S.Ct. 290, 15 L.Ed.2d 232 (1965). Alonim agrees the Act authorizes federal courts to enjoin *violations* of the Act, but he argues that it plainly prohibits them from enjoining *lawful* activity. Therefore, because the district court enjoined him from importing vehicles conditionally, as authorized by section 7522(b)(2) and the underlying regulations, he argues that its judgment is void for lack of subject matter jurisdiction.

■ A federal court's injunctive power arises from its jurisdiction in equity. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12, 102 S.Ct. 1798, 1802–03, 72 L.Ed.2d 91 (1982). As such, federal courts do not depend upon a specific delegation of power to issue injunctions in cases over which they otherwise have subject matter jurisdiction. *See id.* at 313, 102 S.Ct. at 1803. In this regard, the Supreme Court has stated, "[u]nless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied." *Id.* at 313, 102 S.Ct. at 1803 (holding that the issuance of an injunction is permissive rather than mandatory unless Congress expressly specifies otherwise), *quoting Porter v. Warner Holding Co.*, 328 U.S. 395, 398, 66 S.Ct. 1086, 1089, 90 L.Ed. 1332 (1946).

■ The district court reasonably interpreted its power under section 7523(a) in issuing the injunction, because it possessed jurisdiction over the suit's general subject matter under 28 U.S.C. § 1345. A federal court's equity jurisdiction affords it the power to enjoin otherwise lawful activity when necessary and appropriate in the public interest to correct or dissipate the evil effects of past unlawful conduct. *See, e.g., Ford Motor Co. v. United States*, 405 U.S. 562, 573 & n. 8, 92 S.Ct. 1142, 1149 & n. 8, 31 L.Ed.2d 492 (1972); *United States v. United Liquors Corp.*, 77 S.Ct. 208, 210, 1 L.Ed.2d 32 (Reed, Circuit Justice 1956); *United States v. United States Gypsum*

*Co.,* 340 U.S. at 88–89, 71 S.Ct. at 169–70. Because section 7523(a) does not specifically narrow this power, the district court issuing the injunction was not without subject matter jurisdiction to enjoin Alonim's otherwise lawful conduct.

### III

Alonim argues in the alternative that the district court should have vacated paragraph 1 of the injunction, pursuant to rules 60(b)(5) and 60(b)(6), Fed.R.Civ.P., either as no longer equitable prospectively or as unjust. We review decisions on rule 60(b)(5) and (6) motions for an abuse of discretion. *Madsen v. Bumb,* 419 F.2d 4, 6 (9th Cir. 1969).

### A.

The government claims that Alonim is precluded from seeking relief from an abuse of discretion under rules 60(b)(5) and 60(b)(6) because he did not specifically invoke them in the district court. The essence of its argument is that we cannot rule on whether the district court abused its discretion if that court did not have an opportunity to exercise its discretion in the first instance. We are convinced from the record and from the remarks of counsel at oral argument, however, that the district judge did have the rule 60(b)(5) and (6) motions before him, and that he exercised his discretion regarding them. *Cf. Clarke v. Burkle,* 570 F.2d 824, 831–32 (8th Cir. 1978) (rule 60(b) motions should be considered broadly).

 In examining the court's exercise of discretion, we must initially determine whether Alonim brought his rule 60(b)(5) and (6) motions within a reasonable time. *Cf. Corn v. Guam Coral Co.,* 318 F.2d 622, 632 (9th Cir.1963) (no outside time limit on reasonable time). What constitutes reasonable time depends on the facts of each case. *See Washington v. Penwell,* 700 F.2d 570, 572–73 (9th Cir.1983) (four-year delay not unreasonable because of extraordinary circumstances); *Twentieth Century-Fox Film Corp. v. Dunnahoo,* 637 F.2d 1338, 1341 (9th Cir.1981) (six-year delay unrea-

sonable in case of liquidated damages decree and no extraordinary circumstances); *Clarke v. Burkle,* 570 F.2d at 831–32 (six-year delay not unreasonable). The facts are analyzed to determine whether the government was prejudiced by the delay, *Clarke v. Burkle,* 570 F.2d at 831, and whether Alonim had a good reason for failing to take the action sooner, *McKinney v. Boyle,* 447 F.2d 1091, 1093 (9th Cir.1971). Leniency also is appropriate when the challenged judgment is prospective. *See Bros Inc. v. W.E. Grace Manufacturing Co.,* 320 F.2d 594, 610 (5th Cir.1963).

 This case presents an uncommon factual picture. Alonim had two opportunities to appeal judgments he found offensive but presented adequate reasons for failing in each instance to do so. He failed to appeal the original judgment in 1978 because he understood the injunction to prohibit only his unlawful importation of vehicles. Based upon our reading of the injunction, his conclusion was not unreasonable. In 1982, he failed to appeal the denial of his motion to clarify because he assumed that the district court implicitly had embraced the government's position and he decided, therefore, that the injunction must be void. Once more, his conclusion was not unreasonable, especially since the district judge gave no reason for his decision. Although these judgment errors might not suffice to excuse a person under different circumstances, they excuse Alonim because the government was not prejudiced by his errors and because the prospective nature of the injunction calls for leniency in interpreting the reasonable time requirement. Although we are not unmindful of the strong policy in favor of finality, *Bros Inc.,* 320 F.2d at 610, the specific facts in this case support our holding that Alonim brought his rule 60(b)(5) and (6) motions within a reasonable time.

### B.

In analyzing the merits of the denial of the motion, we identify first the unique setting involved when lawful conduct is

enjoined. The advantage of an injunction over the ordinary remedies at law lies in the judicial power of contempt. Under an injunction, a district court may dispose of future violations of law summarily. Upon a showing that an injunction has been violated, the court can immediately confine the offender or exact a monetary penalty from him. This is a potent weapon even when only unlawful activity is enjoined.

■ Moreover, although federal courts have the equitable power to enjoin otherwise lawful activity if they have jurisdiction over the general subject matter and if the injunction is necessary and appropriate in the public interest to correct or dissipate the evil effects of past unlawful conduct, this power is not often necessary or appropriate, and is therefore infrequently exercised. Courts commonly have exercised this extraordinary power only in antitrust cases, *see, e.g., Ford Motor Co.,* 405 U.S. at 573 & n. 8, 92 S.Ct. at 1149 & n. 8; *United States v. United Liquors Corp.,* 77 S.Ct. at 210; *United States v. United States Gypsum Co.,* 340 U.S. at 89, 71 S.Ct. at 169, although we see no reason why it would not be available when necessary and appropriate in cases involving other areas of substantive law. Even in the antitrust area, however, a necessary and appropriate injunction against otherwise lawful conduct must be carefully limited in time and scope to avoid an unreasonably punitive or nonremedial effect. *Sandura Co. v. FTC,* 339 F.2d 847, 861 (6th Cir.1964) (fixing a two-year limit).

■ In determining whether an injunction against otherwise lawful conduct is necessary and appropriate, a court must weigh the economic harm and irreparable injury to the defendant against the public detriment caused by continued violations of the Act, the probability of continuing violations unless the associated lawful activity is also enjoined, and the effectiveness of other means of deterrence. *See United States v. United Liquors Corp.,* 77 S.Ct. at 210. We need not determine whether the district court abused its discretion in implicitly finding paragraph 1 of this injunction necessary and appropriate, because paragraph 1 is not carefully limited in time. *See Sandura Co.,* 339 F.2d at 861. It has been in effect now for six years without a fixed termination date. Because paragraph 1 was not appropriately limited in duration, the district court abused its discretion by not vacating it under rule 60(b)(5) as prospectively inequitable.

## IV

■ In the alternative, Alonim argues that we should interpret this injunction as enjoining him only from violating the regulations promulgated under section 7522(b)(2) by striking out paragraph 1 of the injunction pursuant to rule 65(d), Fed. R.Civ.P. Challenges to an injunction pursuant to rule 65(d) are reviewed de novo. *See United States v. McConney,* 728 F.2d at 1201.

■ Rule 65(d) requires the language of injunctions to be reasonably clear so that ordinary persons will know precisely what action is proscribed. *See Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1525 (9th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984). Injunctions are not set aside under rule 65(d), however, unless they are so vague that they have no reasonably specific meaning. *See Ford v. Kammerer,* 450 F.2d 279, 280 (3d Cir.1971) (per curiam) (injunctions need be obeyed only to the extent that prohibited conduct is reasonably specified). Nevertheless, because of the strong policy of clarity behind rule 65(d), all ambiguities or inconsistencies are resolved in favor of the person subject to the injunction. *Id.*

■ The two disputed paragraphs of this injunction each have clearly ascertainable and definite meanings. Unfortunately, they are inconsistent. Paragraph 1 directs Alonim not to import vehicles without first obtaining approval from the EPA that the vehicles conform to EPA anti-pollution standards. Paragraph 2 then directs him not to import any vehicles without strictly following EPA regulations governing such

vehicles. The regulations cited in paragraph 2 not only advise how to secure EPA approval before importation (as directed in paragraph 1), but also give directions for the conditional importation of vehicles when prior EPA approval has not been secured. Neither Alonim's nor the government's attempt to reconcile the paragraphs is persuasive. Only one of the paragraphs can stand in light of rule 65(d). Resolving the inconsistency in Alonim's favor, it would thus have to be paragraph 2.

REVERSED AND REMANDED.

FLETCHER, Circuit Judge, dissenting:

I dissent from the majority's view that because paragraph 1 of the injunction is unlimited in time it must necessarily be vacated. I agree that an injunction against otherwise legal activity should not be continued indefinitely. However, it should continue until its original purpose of preventing the legal activity from contributing to the illegal activity has been served. The record is a vacuum. There has been no hearing to determine whether Alonim has conformed his importation practices to the requirements of the Clean Air Act or whether he has continued his blatant disregard of the law—importing nonconforming automobiles and selling them without bringing them into compliance. Because the termination of the injunction at this time may be premature, I would remand to allow the district court to determine whether Alonim's post-injunction behavior warrants the continuance or discontinuance of the injunction. In light of the total absence of any record as to Alonim's recent compliance, no other decision seems possible. No one, including Alonim, suggests that an injunction was not warranted initially. If the district court found the injunction was still required, it could limit the prospective application of the injunction to some reasonable period. *See Sandura Co. v. FTC*, 339 F.2d 847, 861 (6th Cir.1964).

I also disagree with the majority's view that paragraphs 1 and 2 of the injunction are fatally inconsistent. The meaning and intent of the injunction are clear—paragraph 1 was meant to prevent Alonim from using regulations that allow the import of non-conforming automobiles provided they are brought into conformance upon arrival, paragraph 2 was designed to force Alonim to comply with the regulations regardings the vehicles he did import. Yet, even if the injunction is open to interpretation, we should not, as the majority suggests, simply eliminate paragraph 1, but rather should remand so that the injunction could be appropriately clarified by the district court.

I would therefore remand for a hearing.