**136**

RETAIL CLERKS UNION JOINT PEN-
SION TRUST, Trustees Retail Clerks
Union Joint Pension, et al., Plaintiffs–
Appellees,

v.

FREEDOM FOOD CENTER, INC., a Cali-
fornia Corporation d.b.a. Freedom
Food Center, Defendant–Appellant.

No. 90–15622.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 1991.

Decided July 3, 1991.

Jay R. Oliff, Everton & Oliff, San Jose,
Cal., for defendant-appellant.

Fred D. Lonsdale, Barry S. Jellison,
Davis, Cowell & Bowe, San Francisco, Cal.,
for plaintiffs-appellees.

Before BEEZER, NOONAN and
FERNANDEZ, Circuit Judges.

BEEZER, Circuit Judge:

Freedom Food appeals the denial of its
motion to vacate a stipulated judgment on
the ground that the stipulation was signed
on its behalf by a non-lawyer. We affirm.

**I**

Freedom Food Center, Inc. was party to
a collective bargaining agreement obligat-
ing it to contribute to employee benefit
plans. Plaintiffs are the trustees of those
plans. Beginning in October 1987, Free-
dom stopped making the required pay-
ments to the plans. The trustees' claim for
delinquent contributions was set for arbi-
tration in June 1988.

Henry Wat was vice-president of Free-
dom Foods and had responsibility for oper-

ations and financial matters. Wat retained Bruce H. Conhain, a member of an industrial relations consulting firm that had previously assisted Freedom, to advise him regarding a possible workout arrangement with Plaintiffs. Plaintiffs told Conhain that they would cancel the arbitration if Freedom consented to a stipulated judgment holding Freedom liable to the Plaintiffs for the full balance of the outstanding contributions, plus interest. Plaintiffs sent a proposed stipulation to Conhain, along with an explanatory letter addressed to "Bruce H. Conhain, Esq." The proposed stipulation had a space designated for the signature of "Bruce H. Conhain, Esq./Attorney for Defendant." Conhain forwarded the proposed stipulation and Plaintiffs' letter to Wat. In his cover letter to Wat, Conhain stated: "I would like to sign this on your behalf as quickly as possible."

Plaintiffs contend that Wat agreed to the terms of the stipulation. Wat states only that he

> concluded that Conhain was representing Freedom Food as an attorney at law and recommending that Freedom Food consent to the stipulation on the basis of an independent evaluation of the consequences of the proposed judgment which involved employing the expertise and experience associated with an attorney versed in labor relations matters.

A complaint was filed in district court on November 3, 1988. The action was based on the collective bargaining agreement, the Labor Management Relations Act and the Employee Retirement Income Security Act. The Stipulation for Entry of Judgment, signed by Bruce H. Conhain in the place designated for the signature of "Bruce H. Conhain, Esq.," was filed December 9, 1988. Judgment pursuant to the stipulation was entered December 12, 1988.

After Freedom continued to fail to make payments, a writ was executed on June 20, 1989. On December 8, 1989, Freedom filed a motion for an order vacating judgment pursuant to Fed.R.Civ.P. 60(b) and dismissing the action on the ground that the judgment was void because the stipulation was signed by a representative of the defendant who was not an attorney. The district court denied the motion and Freedom appeals.

## II

We review denial of a motion to vacate pursuant to rule 60(b) for abuse of discretion. *Alexander v. Robertson*, 882 F.2d 421, 423 (9th Cir.1989). However, we review *de novo* denial of a 60(b)(4) motion to set aside a judgment as void, because the question of the validity of a judgment is a legal one. *United States v. Holtzman*, 762 F.2d 720, 724 (9th Cir.1985).

Freedom argues that the issue of the validity of the judgment should be determined by reference to California law. This is a judgment in a case based on federal law, however, and federal law controls with respect to both substance and procedure. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78–79, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). The fact that the stipulation was entered prior to the filing of the complaint does not change this conclusion. The stipulation was at all times addressed to the United States District Court. Furthermore, even if the stipulated judgment could be considered a confessed judgment for purposes of California law, the entry of a confessed judgment is "a matter of procedure where the federal rules govern." *Alland v. Consumers Credit Corp.*, 476 F.2d 951, 954 (2d Cir. 1973); *see also Bowles v. J.J. Schmitt & Co.*, 170 F.2d 617, 620 (2d Cir.1948) (although judgment was executed prior to commencement of proceedings and did not comply with state statutory requirements, whether entry of judgment is proper is matter of procedure in which federal rules govern).

Freedom's assertion that the judgment is void is based on the fact that it was signed on Freedom's behalf by a non-attorney. The fact that a non-attorney represented a party in a judicial proceeding does not render the resulting judgment void *per se. See Alexander*, 882 F.2d 421 (district court's denial of motion to vacate judgment on the basis of fraud (60(b)(3))

not an abuse of discretion despite the fact that appellant's trial counsel was unlicensed); *cf. Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423 (7th Cir.1985) (although a corporation may not appear *pro se*, district court's denial of appellant's motion for new trial is not reversible error even though appellant corporation was represented at trial by its non-attorney president), *cert. denied*, 475 U.S. 1147, 106 S.Ct. 1801, 90 L.Ed.2d 346 (1986); *E.E.O.C. v. Safeway Stores, Inc.*, 611 F.2d 795, 800 (10th Cir.1979) (consent decree not void even if it violates federal law), *cert. denied*, 446 U.S. 952, 100 S.Ct. 2918, 64 L.Ed.2d 809 (1980).

The case most closely on point is *Alexander v. Robertson*, 882 F.2d 421 (9th Cir. 1989), in which an unsuccessful cross-claimant appealed the denial of his Rule 60(b)(3) motion to vacate on the basis of fraud. His motion was based on the fact that the cross-defendants were represented at trial by a non-licensed attorney. Although the motion was denied on the basis that there was no fraud by a "party," as required by Rule 60(b)(3), we examined the same California cases relied upon in the present case by Freedom and discussed the effect of the participation of an unauthorized representative on the validity of the judgment. In particular, we agreed that

> "the holding that a judgment rendered in a proceeding in which an unauthorized attorney has practiced law is neither void nor subject to reversal upon appeal should be approved.... If the basis for holding such a judgment void is the protection of the party represented, there would seem to be no sound ground upon which to declare the judgment in this case void inasmuch as the party so represented was the successful litigant. The ineligible attorney should be punished; but the right of an attorney to appear for one of the parties is a collateral matter having nothing to do with the merits of the case between the parties."

*Id.* at 425 (quoting Recent Decision, 29 Cal.L.Rev. 237, 240 (1941)).

Freedom distinguishes *Alexander* on the ground that in the present case the non-attorney represented the complaining party, that is, the party who was unsuccessful in the original proceeding.[1] This argument implicitly recognizes that the participation of a non-attorney acts at most to make any resulting judgment *voidable*, with ultimate validity of the judgment depending upon whether the party represented by the non-attorney is successful or not. Our discussion of void judgments in *Alexander*, however, was based on the fact that representation of the successful party by an unauthorized attorney could not have prejudiced that party. Lack of success does not necessarily indicate prejudice. Therefore, refusal to vacate a judgment arising out of a proceeding in which the unsuccessful party is represented by a non-attorney is permissible if that representation did not prejudice the unsuccessful party.

The only suggestion of prejudice made by Freedom in its motion before the district court is an assertion, made in its reply to Plaintiff's opposition to the motion to vacate the judgment, that calculations of the amount of contributions Freedom owed "may exceed those required by the agreements actually executed by defendant." This statement was not supported by any evidence.[2] The fact that Conhain was not an attorney could have had no effect on the calculation of the amounts due. Furthermore, Wat admitted in his declaration that Freedom was obligated to make monthly contributions and that it failed to do so beginning in October 1987. He suggested that the reason for the failure was "cash flow problems," but made no mention of any disagreement with regard to the amount owed. The stipulated judgment

---

1. It is somewhat curious for Freedom to argue that it is an unsuccessful party where the judgment against it was entered pursuant to a stipulated agreement between the parties, but for the purposes of this discussion we may assume that because the judgment was entered against Freedom, it was the unsuccessful party.

2. On appeal, Freedom suggests a few other ways in which it was prejudiced. It does so, however, only by way of conclusory statements unsupported by any evidence in or out of the record.

simply placed the authority of the court behind Wat's admission that Freedom owed delinquent contributions.

Because there is no evidence that Freedom was prejudiced by Conhain's conduct,[3] the order of the district court is AFFIRMED. Appellees' request for attorney's fees for this appeal, made pursuant to 29 U.S.C. § 1132(g), is GRANTED and the cause is REMANDED to the district court for a determination of a reasonable fee.

---

3. The lack of prejudice bars affirming the motion to vacate on any other ground. *See* Fed.R. Civ.P. 61 ("[N]o error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for ... vacating ... a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.").