951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Geraldine FREEMAN, individually and in her capacity as
personal representative for the Estate of Melvin
Truss, Plaintiff-Appellant,
v.
CITY OF SAN JOSE; Joseph D. McNamara, individually, and in
his capacity as Chief of Police for the City of San Jose;
Paul Ewing, individually, and in his capacity as an Officer
of the San Jose Police Department, Defendants-Appellees.
 No. 90-16384.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1991.
Decided Dec. 12, 1991.
 
 Before TANG, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Geraldine Freeman appeals the district court's denial of her Fed.R.Civ.P. 60(b)(6) motion for relief from judgment. Following its verdict in favor of Ewing, the jury in Freeman's section 1983 (42 U.S.C. § 1983) action against Officer Paul Ewing issued a statement suggesting possible changes in the City's police training procedures. Freeman argues that the statement evidences juror confusion and a possible compromise verdict. The district court denied the motion, holding that it was not timely filed and that no extraordinary circumstances warranted relief. We affirm.
 
 DISCUSSION
 
 3
 After its discharge, the jury in Freeman's lawsuit delivered a note to the court and requested that it be transmitted to the San Jose Police Department. The note, which was signed by each juror, read:
 
 
 4
 We are the jury that found for Officer Paul Ewing in the matter of Freeman vs. Ewing.
 
 
 5
 We have concerns about officer conduct and [San Jose Police Department] policy and training.
 
 
 6
 Though we found for the officer in this case, we believe that the majority of police officers in our state would manage similar situations without loss of life. Officer Ewing's actions in this case must not be considered the norm.
 
 
 7
 We feel that the Department policy for undercover operations should require that recording devices be in place and operating. We feel that this policy will protect officers and the public equally.
 
 
 8
 The [San Jose Police Department] training described seemed rigid. Though officers are not paid to get hurt, reasonable alternatives for meeting deadly force should be developed and taught. (such alternatives might not apply in the circumstances of the Freeman vs. Ewing case.)
 
 
 9
 We urge the [San Jose Police Department] to seriously consider these points.
 
 
 10
 We commend the [San Jose Police Department] for the fine work they do and appreciate the efforts to make our community a safe place.
 
 
 11
 We review for an abuse of discretion the district court's denial of relief under Fed.R.Civ.P. 60(b)(6). United States v. Holtzman, 762 F.2d 720, 725 (9th Cir.1985). The abuse of discretion must be "clear." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (emphasis in original). Accordingly, we may reverse "only if we have a definite and firm conviction that the [District] Court committed a clear error of judgment in the conclusion it reached." Abatti v. Commissioner, 859 F.2d 115, 117 (9th Cir.1988). We may not simply substitute our judgment for that of the district court. United States v. BNS Inc., 858 F.2d 456, 464 (9th Cir.1988).
 
 
 12
 Fed.R.Civ.P. 60(b)(6) provides: "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for ... any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time...." The district court rejected Freeman's motion for failure to satisfy either prong of this test. The court held first that the motion was not filed "within a reasonable time." Id.; see also Holtzman, 762 F.2d at 725. The court concluded secondly that Freeman had not satisfied her burden of demonstrating extraordinary or exceptional circumstances meriting relief. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988).
 
 
 13
 There was no abuse of discretion in concluding that Freeman failed to demonstrate exceptional or extraordinary circumstances warranting relief from judgment. Specifically, the district court did not abuse its discretion with respect to its second conclusion that the note did not taint the jury's verdict. That holding, in itself, provided a sufficient basis for sustaining the court's denial of the motion.
 
 
 14
 By comparing the contents of the note with the question decided by the jury at trial, the district court found that the jury's note did not reveal confusion or impermissible compromise. At trial, the jury was charged with deciding the narrow issue of whether Officer Ewing used force that was unreasonable under the circumstances when arresting Freeman's son, Melvin Truss. By contrast, the district court found that the note addressed only "general policy and training on the part of the San Jose Police Department."
 
 
 15
 The district court fairly characterized the note's import. Indeed, in the note, the jurors specifically state that the policy changes they advocate "might not apply in the circumstances of the Freeman vs. Ewing case." The jurors thus acknowledged that their expression of opinion transcended the facts of the case presented to them. Further bolstering the district court's conclusion is the affidavit of juror William Bliss. Bliss attests that:
 
 
 16
 The purpose of [the note] was not to question our verdict in favor of defendant Ewing. The purpose of the note was to suggest to the Chief of Police that additional training might be appropriate. In this case, the jury did not believe that Officer Ewing used excessive or unreasonable force.
 
 
 17
 Freeman points out that the note also states that "Ewing's actions in this case must not be considered the norm" and the jury believed "the majority of police officers in our state would manage similar situations without loss of life." These comments, Freeman contends, are inconsistent with the jury's finding of reasonableness at trial.
 
 
 18
 These statements undoubtedly complicate the task of disentangling the jurors' beliefs as jurors from their sentiments as concerned citizens. Given the deferential standard with which we review the district court's judgment, however, we cannot say that the note leaves us with a "definite and firm conviction," Abatti, 859 F.2d at 117, that the verdict was tainted. While the district court's decision was perhaps a close call, it was not an abuse of discretion. Cf. Lowe v. Commack Union Free Sch. Dist., 886 F.2d 1364, 1378 (2d Cir.1989) ("It is not unheard of for juries to make comments beyond a simple verdict. Other courts have allowed such comments."), cert. denied, 110 S.Ct. 1470 (1990); Freeman v. Franzen, 695 F.2d 485, 490 (7th Cir.1982) ("jury's finding of liability is not necessarily inconsistent with the message attached to the verdict" where message spoke to an aspect of defendant's conduct different from the one on which the jury predicated liability), cert. denied, 463 U.S. 1214 (1983).
 
 
 19
 Because we conclude that the district court did not abuse its discretion by holding that Freeman failed to demonstrate exceptional circumstances justifying relief from judgment, we need not address its alternative rulings that Freeman's motion was not timely filed and that her failure to appeal precludes relief.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3