990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John LYNCH, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent; State of Oregon,
Respondents-Appellees.
 No. 92-35420.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 16, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Lynch, an Oregon state prisoner, appeals pro se the denial of his Fed.R.Civ.P. 60(b) motion for reconsideration of the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 A motion made under Rule 60(b) may be used to challenge the denial of a habeas corpus petition, and timely appeal may be taken from the denial of the motion. See Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257, 263 n. 7 (1978). However, the denial of a Rule 60(b) motion is reviewed only for an abuse of discretion, and must be affirmed unless the district court erred in ruling that sufficient grounds for setting aside the judgment were not shown. Browder, 434 U.S. at 263 n. 7; Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989).
 
 
 4
 Lynch filed a habeas petition alleging a denial of his sixth amendment right to counsel, his fifth amendment privilege against self-incrimination and his fourteenth amendment due process right to a fair trial. The district court denied Lynch's habeas petition, and this court affirmed. Lynch v. Maass, No. 89-35084, unpublished memorandum disposition (9th Cir. Sept. 20, 1989). Lynch filed a "Motion for Relief from Judgment or Order" pursuant to Rule 60(b)(4), 60(b)(5), and 60(b)(6). Lynch alleged:
 
 
 5
 "the judgment is void due to the failure of the court to conduct a hearing on the issue of denial of Lynch's petition for appointment of legal counsel on his Oregon direct appeal ...; it is not equitable that the judgment have prospective application; [and] Lynch faces probability of future wrongful impeachment in pending cases (e.g. [,] Lynch v. Tassin, No. 88-6129-E).
 
 
 6
 The district court denied Lynch's motion for reconsideration on the grounds that he had not alleged that the entry of final judgment was due to mistake, inadvertence, fraud, newly discovered evidence, or excusable neglect.[1]
 
 
 7
 A court may relieve a party from judgment if the judgment is void under subsection 60(b)(4). See Fed.R.Civ.P. 60(b)(4). Subsection 60(b)(5) authorizes the court to relieve a party from judgment if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. See Fed.R.Civ.P. 60(b)(5). Subsection 60(b)(6) authorizes a court to relieve a party from judgment for "any other reason justifying relief from the operation of the judgment." See Fed.R.Civ.P. 60(b)(6).
 
 
 8
 Lynch has made no showing of a void judgment for relief under Rule 60(b)(4). "A judgment is not void merely because it is erroneous." See United States v. Holtzman, 762 F.2d 720, 725 (9th Cir.1985). It is void for purposes of Rule 60(b)(4) only if the court that rendered judgment was without jurisdiction or acted in a manner inconsistent with due process. In re Center Wholesale Inc., 759 F.2d 1440, 1448 (9th Cir.1985).
 
 
 9
 Lynch argues that the judgment is void because the district court failed to hold an evidentiary hearing on his claim that he was denied counsel in his state court appeal. Lynch did not raise this issue in his habeas petition. Therefore, the district court did not err by denying Lynch's motion for reconsideration on this issue. Because Lynch does not argue that the district court was without jurisdiction, and because there is no indication that the district court acted in a manner inconsistent with due process, Lynch is not entitled to relief under Rule 60(b)(4). See id.
 
 
 10
 Rule 60(b)(5) does not apply because the judgment was not satisfied nor was any prior judgment on which it was based reversed or otherwise vacated. See Tomlin v. McDaniel, 865 F.2d 209, 210-11 (9th Cir.1989).
 
 
 11
 Finally, Rule 60(b)(6) does not apply because Lynch has not shown the "extraordinary circumstances" required for relief under Rule 60(b)(6). See United States v. Alpine Land and Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.1993) (subsection to be used "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment"); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985) (same). Accordingly, the district court did not abuse its discretion by denying Lynch's motion for reconsideration. See Molloy, 878 F.2d at 315.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court initially entered its order denying the 60(b) motion before this court had issued its mandate in Lynch's appeal from the denial of his habeas petition. This court vacated that order because the district court had no jurisdiction to rule on Lynch's 60(b) motion before this court entered its mandate. After the mandate issued, the district court again denied Lynch's motion for reconsideration on the same grounds