131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
$250,000.00 IN U.S. CURRENCY, Defendant,
Frank Ordonez, Claimant-Appellant.
 No. 95-16154.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 19, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-90-00344-ACM; Alfredo C. Marquez, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Frank Ordonez, a federal prisoner, appeals pro se the district court's order denying his Fed.R.Civ.P. 60(b) motion to vacate a default judgment of forfeiture entered against $250,000 in currency. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's decision on a Rule 60(b) motion for an abuse of discretion. See United States v. Holtzman, 762 F.2d 720, 725 (9th Cir.1985). We affirm.
 
 
 3
 Ordonez's contention that the district court erred by refusing to vacate the default judgment because he was not served with the motion for default judgment is without merit. Notice prior to entry of default judgment is only required where the defaulting party has appeared in the action. See Fed.R.Civ.P. 55(b)(2). Because Ordonez did not properly appear, he was not entitled to notice. See Wilson v. Moore & Assocs., Inc., 564 F.2d 366, 368-69 (9th Cir.1977).
 
 
 4
 Ordonez's contention that the district court erred by denying his motion without holding an evidentiary hearing lacks merit. The district court did not abuse its discretion by failing to hold an evidentiary hearing because the record was complete, enabling the district court to enter judgment. See Fed.R.Civ.P. 55(b)(2).
 
 
 5
 Ordonez also contends that his due process rights were violated by having to simultaneously respond to the administrative and judicial forfeiture proceedings. However, Ordonez failed to explain how having to simultaneously respond to both proceedings prevented him from filing an answer in the judicial forfeiture proceedings.
 
 
 6
 Accordingly, we affirm the district court's judgment because Ordonez has not presented extraordinary circumstances that would warrant vacating the default judgment. See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir.1995).
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Further, appellant's motion to augment the record is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Ordonez has waived his arguments pertaining to service of the amended complaint and the mailing of intent to forfeit notice to his appointed attorney. See Arizona v. Components Inc., 66 F.3d 213, 217 (9th Cir.1995)