MEMORANDUM *
The Britton Plaintiffs appeal the district court’s order denying their motion for relief from the judgment of dismissal entered two years earlier for failure to comply with case management orders in this multidistrict litigation. The Britton Plaintiffs argue that they are entitled to relief under Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6) because they did not *453 have notice of the relevant case management orders, the motion to dismiss, or the order of dismissal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
“Motions for relief from judgment pursuant to Rule 60(b)[ (6) ] are addressed to the sound discretion of the district court and will not be reversed absent an abuse of discretion.” Casey v. Albertson’s Inc., 362 F.3d 1254, 1257 (9th Cir.2004). A motion brought pursuant to Rule 60(b)(4) on the ground that the district court’s order is void is reviewed de novo “because the question of the validity of a judgment is a legal one.” Export Group v. Reef Indus., Inc., 54 F.3d 1466, 1469 (9th Cir.1995).
A motion for relief from judgment for “any other reason” under Rule 60(b)(6), must be made within a “reasonable time.” Fed.R.Civ.P. 60(b), (c)(1); see Molloy v. Wilson, 878 F.2d 313, 316 (9th Cir.1989). “What constitutes a reasonable time ‘depends on the facts of each case.’ ” United States v. Wyle (In re Pacific Far East Lines, Inc.), 889 F.2d 242, 249 (9th Cir.1989) (quoting United States v. Holtzman, 762 F.2d 720, 725 (9th Cir.1985)). Relevant to the determination of timeliness are “the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.” Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981) (per curiam).
The district court held that the Britton Plaintiffs’ two-year delay before filing a motion for relief was unreasonable and denied the motion as untimely. The district court found that the Britton Plaintiffs’ “attorney[s] were in fact receiving documents from the court, from defendants, and from plaintiffs’ liaison counsel, that should have apprised them of the progress of their case.” Even if Britton Plaintiffs’ counsel did not have notice, the district court found that counsel did not fulfill their obligation to ensure that the court had the correct counsel listing and address and, given the lack of activity in the case, unreasonably failed to monitor the electronic docket. These findings are not clearly erroneous and the district court did not abuse its discretion in finding that, under these circumstances, the two-year delay in seeking relief from the order of dismissal was unreasonable. See Armstrong v. Cadle Co., 239 F.R.D. 688, 692-93 (S.D.Fla.2007); cf. Zurich Am. Ins. Co. v. Int’l Fibercom, Inc. (In re Int’l Fibercom, Inc.), 503 F.3d 933, 945-46 (9th Cir.2007).
“[I]f a judgment is void, a motion to set it aside may be brought at any time.” See Owens-Coming Fiberglas Corp. v. Ctr. Wholesale, Inc. (In re Ctr. Wholesale, Inc.), 759 F.2d 1440, 1448 (9th Cir.1985). “A final judgment is ‘void’ for purposes of Rule 60(b)(4) only if the court that considered it ... acted in a manner inconsistent with due process of law.” United States v. Berke, 170 F.3d 882, 883 (9th Cir.1999). Due process requires “notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The adequacy of the notice depends upon the factual context in which it is given. See In re Ctr. Wholesale, Inc., 759 F.2d at 1448. Actual notice is not required. See Jones v. Flowers, 547 U.S. 220, 226, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006).
Not only were “good faith and reasoned efforts” made to notify the Britton Plaintiffs of their obligations under the case management orders and the consequences of not complying, see Virtual Vision, Inc. v. Praegitzer Indus., Inc., 124 F.3d 1140, *454 1144 (9th Cir.1997), but the district court found that counsel was in fact receiving documents from the court that should have apprised them of the status of the proceedings. There is nothing to indicate that the Britton Plaintiffs or any of their representatives made reasonable efforts to remain apprised of the status of the case. Thus notice was constitutionally adequate and the district court did not err in refusing to set aside the order of dismissal. See id. at 1145.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.