

*NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Everardo Carrillo; Fernando Chavez; Eric Flores; Jose Martinez; Arceo Baltazar Zavala; and Juan Chavez, | Nos. 12-55042, 12-55386 |
| Plaintiffs - Appellees, | D.C. 2:11-cv-08557-CAS-DTB |
| v. | MEMORANDUM* |
| Schneider Logistics, Inc.; and Schneider Logistics Transloading and Distribution, Inc., | |
| Defendants - Appellants. and | |
| Premier Warehousing Ventures, LLC; Rogers-Premier Unloading Services, LLC; and Impact Logistics, Inc. | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Christina Snyder, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable David M. Ebel, Senior Circuit Judge for the Tenth Circuit, sitting by designation.

Argued and Submitted October 11, 2012
Pasadena, California

Before: EBEL[**], WARDLAW, and NGUYEN, Circuit Judges.

Schneider Logistics Transloading and Distribution, Inc. ("SLTD") and its parent company, Schneider Logistics, Inc. ("SLI") (collectively, "Schneider"), appeal the district court's grant of two preliminary injunctions in favor of Appellees, manual laborers at warehouses operated for Schneider's benefit.

Schneider argues that the district court erred in entering the preliminary injunctions against the Schneider entities because they were not Appellees' "joint employers." Schneider also takes issue with the scope of the injunctions the court issued and challenges them for lack of specificity under Fed. R. Civ. P. 65. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

**I.**

We review a district court's decision to grant or deny a preliminary injunction for abuse of discretion. Thalheimer v. City of San Diego, 645 F.3d 1109, 1115 (9th Cir. 2011).

In both injunctive orders, the district court applied the proper tests for whether or not to grant a preliminary injunction. See Am. Trucking Ass'n,

Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011). We reject Schneider's argument that the district court erred when it incorporated by reference findings it made in a prior order against two of Schneider's codefendants; the court's findings would have been nearly identical if conducted separately as to Schneider. See Fed. Trade Comm'n v. Enforma Natural Prods., Inc., 362 F.3d 1204, 1212 (9th Cir. 2004) ("We may affirm if the findings are sufficiently comprehensive and pertinent to the issues to provide a basis for decision or if there can be no genuine dispute about the omitted findings.").

The court also did not err in determining that Schneider was Appellees' "joint employer," and was thus within its discretion to conclude that Appellees' probability of success on the merits of their claims was high. See Chao v. A-One Med. Servs., Inc., 346 F.3d 908, 917 (9th Cir. 2003); Boucher v. Shaw, 572 F.3d 1087, 1090–91 (9th Cir. 2009); Martinez v. Combs, 231 P.3d 259, 286-87 (Cal. 2010).[1]

---

[1] Schneider also argues that even if SLTD was a joint employer with Premier and Impact, SLI, its parent company, was not. Although this appears to be a close question at this early stage of the litigation, under our deferential standard of review, we cannot say that the district court abused its discretion in making this determination when there is support for its conclusion in the record.

Schneider makes two additional arguments as to why it was improper for the court to grant the preliminary injunctions against the Schneider entities. First, Schneider claims that the court erred by failing to hold an evidentiary hearing where the case "turn[ed] on the resolution of bitterly disputed facts." Next, Schneider contests the district court's determination that Appellees would likely succeed on the merits of their retaliation claims against Schneider. However, after careful consideration, we find these arguments to be without merit.

## II.

Regarding the scope of the injunctions, Schneider contends that (1) the district court improperly compelled it to keep records on or "retain" Appellees, none of whom Schneider employed directly prior to this litigation; and (2) the court's orders failed to articulate Schneider's duties with the requisite specificity under Fed. R. Civ. P. 65(d).

## A.

Contrary to Schneider's assertion, the district court never compelled Schneider to keep duplicative records on Appellees. In its first injunctive order, the court "[found] it necessary to include SLTD and SLI in the Preliminary Injunction in order to ensure compliance and to protect

plaintiffs from irreparable harm." Carrillo v. Schneider Logistics, Inc. (Carrillo I), No. 11–8557, 2011 WL 6104839, at *3 (C.D. Cal. Dec. 7, 2011) (emphasis added); accord Chao v. Hotel Oasis, Inc., 493 F.3d 26, 34 (1st Cir. 2007) ("[T]here may be multiple 'employers' who are simultaneously liable for compliance with the FLSA."). This did not amount to an order that Schneider "engage in recordkeeping," and there is no evidence in the record to suggest that Schneider has been ordered to maintain records for individuals it does not directly employ.

Furthermore, Schneider's contention that the court "compel[led] SLTD to 'retain' the workers" mischaracterizes as a directive what the district court presented as a choice. In enjoining the planned termination of Premier's workers, the court extended to the parties the following options: the "defendants could comply with the terms of [the second] injunction by reinstating the service contract [between SLTD and Premier], [or] Schneider could also comply by retaining the workers directly or otherwise." Carrillo v. Schneider Logistics, Inc. (Carrillo II), No. 11–8557, 2012 WL 556309, at *5 n.4 (C.D. Cal. Jan. 31, 2012). We do not view the options presented by the district court to be an abuse of its "broad powers and wide discretion to frame the scope of appropriate

5

equitable relief" when issuing a preliminary injunction to preserve the status quo.  <u>Sec. & Exch. Comm'n v. United Fin. Grp., Inc.</u>, 474 F.2d 354, 358–59 (9th Cir. 1973).

**B.**

Schneider's final argument is that the injunctions fail under Fed. R. Civ. P. 65(d) because they do not "describe in reasonable detail . . . the act or acts restrained or required."  "Challenges to an injunction pursuant to rule 65(d) are reviewed de novo."  <u>United States v. Holtzman</u>, 762 F.2d 720, 726 (9th Cir. 1985).  Under Rule 65, those against whom an injunction is issued "should receive fair and precisely drawn notice of what the injunction actually prohibits," but the court need not provide "explicit instructions on the appropriate means to accomplish this directive." <u>Fortyune v. American Multi-Cinema, Inc.</u>, 364 F.3d 1075, 1087 (9th Cir. 2004).  The Supreme Court has indicated that this requirement is meant to "avoid the possible founding of a contempt citation on a decree too vague to be understood."  <u>Schmidt v. Lessard</u>, 414 U.S. 473, 476 (1974).

In the two orders before us, the district court enjoined (1) illegal payment, timekeeping, and recordkeeping practices affecting Appellees; and (2) the mass termination of Premier's workers.  We find the court's

6

orders clear as to "what the injunction[s] actually prohibit[ed]." <u>Fortyune</u>, 364 F.3d at 1087.  While we acknowledge that the district court could have been clearer in articulating Schneider's specific duties under the injunctions, as we explained in <u>Fortyune</u>, this does not render the injunctions invalid under Rule 65(d).  <u>Id.</u> at 1087.  Our concerns about clarity are further mitigated by the district court's demonstrated willingness to provide clarification where sought.

**AFFIRMED**.