UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STAN LEE MEDIA, INC., a Colorado corporation,<br><br>               Plaintiff - Appellant,<br><br> v.<br><br>CONAN SALES CO. LLC, a Delaware limited liability company; et al.,<br><br>               Defendants - Appellees. | No. 12-55405<br><br>D.C. No. 2:11-cv-06861-SVW-SS<br>Central District of California,<br>Los Angeles<br><br>ORDER AMENDING MEMORANDUM DISPOSITION AND DENYING PETITION FOR REHEARING AND REHEARING EN BANC |

Before: PREGERSON, WARDLAW, and TALLMAN, Circuit Judges.

The memorandum disposition filed on October 21, 2013, is hereby amended and replaced by the attached amended memorandum disposition. With this amendment, the panel has voted unanimously to deny the petitions for panel rehearing and rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are DENIED. No further petitions shall be entertained.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STAN LEE MEDIA, INC., a Colorado corporation,

          Plaintiff - Appellant,

  v.

CONAN SALES CO. LLC, a Delaware limited liability company; CONAN PROPERTIES INTERNATIONAL LLC, a Delaware limited liability company; PARADOX ENTERTAINMENT INC., a Delaware corporation; PARADOX ENTERTAINMENT AB, a Sweden corporation; FREDRIK MALMBERG; LUKE LIEBERMAN, personal representative of the Estate of Arthur M. Lieberman; JUNKO KOBAYASHI; GILL CHAMPION,

          Defendants - Appellees.

No. 12-55405

D.C. No. 2:11-cv-06861-SVW-SS

AMENDED
MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted October 9, 2013

---

    * This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.

Pasadena, California

Before: PREGERSON, WARDLAW, and TALLMAN, Circuit Judges.

Stan Lee Media, Inc. (SLMI) appeals from an order dismissing its action seeking to set aside a decade-old settlement approval order (Settlement Order) entered by the U.S. Bankruptcy Court in conjunction with SLMI's prior bankruptcy proceeding. Pursuant to the Settlement Order, SLMI transferred ownership of intellectual property rights associated with the fictional character "Conan the Barbarian" to Conan Sales Co., LLC (CSC). In the current litigation, SLMI seeks to recoup those intellectual property rights through Federal Rule of Civil Procedure 60 relief. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's denial of a motion to set aside an order as void under Rule 60(b)(4). *Export Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995). The settlement order is not void. SLMI presented insufficient evidence that Kobayashi or Lieberman adversely dominated SLMI, or that any such adverse domination influenced an otherwise arms-length negotiation between CSC and the unsecured creditors' committee, both of which were represented by independent legal counsel. And despite SLMI's argument to the

2

contrary, the record demonstrates that Kobayashi was duly authorized to act on SLMI's behalf.

We also agree with the district court that notice of the settlement was proper under Federal Rule of Bankruptcy Procedure (FRBP) 2002(a)(3). The settlement was not a disguised sale, despite SLMI's argument to the contrary. SLMI also asserts that the settlement involved a sale of assets outside the ordinary course of business that required notice to shareholders under 11 U.S.C. § 363(b)(1) and FRBP 9019(a). The cases it cites for this proposition are factually distinguishable because they involved the settlement of the debtor's or trustee's *own* cause of action after receiving third-party bids for those claims *higher* than the proposed settlement amount. *See In re Mickey Thompson Entm't Grp., Inc.*, 292 B.R. 415, 421 (9th Cir. BAP 2003); *In re Moore*, 608 F.3d 253, 264-65 (5th Cir. 2010). The facts here are materially different: this was a settlement of CSC's claim,[1] not SLMI's; CSC held a secured interest in the intellectual property rights that SLMI held; even assuming that a third-party could have bid on the secured assets, there

_____

[1] CSC had originally sold the intellectual property rights to SLMI for approximately $4 million in SLMI shares. The intellectual property rights secured the transaction in case the share price fell below a specified level. When SLMI filed for bankruptcy a short time later, CSC sought to lift the automatic stay to foreclose on its secured interest in the intellectual property it had transferred to SLMI. To settle the relief-from-stay dispute, CSC agreed to pay SLMI $275,000, which was used to pay the costs of administering the estate.

were no bids, let alone overbids, for the intellectual property rights; and SLMI's unsecured creditors, who were highly motivated to maximize the value of the estate, helped negotiate and supported the settlement. On these facts, the bankruptcy court did not err by requiring notice only under FRBP 2002(a)(3).

SLMI's remaining arguments do not raise any of the jurisdictional or due process concerns that alone permit Rule 60(b)(4) relief. *See U.S. Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process[.]"). No such violation occurred here.

The district court did not abuse its discretion in denying relief under Rule 60(b)(6). *See United States v. Holtzman*, 762 F.2d 720, 725 (9th Cir. 1985). Rule 60(b)(6) is a catch-all provision that should be used "sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). SLMI's allegations on this issue are largely repetitive of its unpersuasive allegations in support of its request for Rule 60(b)(4) relief. Furthermore, Kobayashi, as an SLMI officer of the debtor in possession, had no duty to seek 11 U.S.C. § 327 authorization for her continued employment. *See* 3 *Collier on Bankruptcy* ¶ 327.02[6][c] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2013) ("The general view is that officers of the

4

debtor are not professionals whose employment must be approved by the court."). There was also no violation of 11 U.S.C. § 510(b)'s mandatory subordination requirement because CSC was a secured creditor properly seeking to foreclose on the asset securing the debt in default. Nor has SLMI demonstrated manifest injustice. *See Alpine Land & Reservoir Co.*, 984 F.2d at 1049.

Nor did the district court abuse its discretion in denying Rule 60(d)(3) relief based on fraud on the court. *See Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003). To establish fraud on the court, a party must demonstrate by clear and convincing evidence the existence of an "unconscionable plan or scheme . . . designed to improperly influence the court in its decision." *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960). All of SLMI's fraud allegations are based on non-disclosures, which are generally insufficient to support a claim of fraud on the court. *See Appling*, 340 F.3d at 780. Moreover, SLMI failed to present clear and convincing evidence of an "unconscionable plan or scheme." *See England*, 281 F.2d at 309. Even if SLMI had demonstrated a "colorable" claim of fraud, which it did not, it was not automatically entitled to discovery. *See Pearson v. First NH Mortg. Corp.*, 200 F.3d 30, 35 (1st Cir. 1999) ("[O]nce the record evidence demonstrates a 'colorable' claim of fraud, the court

5

may exercise its discretion to permit preliminary discovery.").  The district court did not abuse its discretion in denying discovery.  *See id.*

Finally, the district court properly dismissed SLMI's remaining counts in the complaint.  Even assuming that SLMI could have proceeded on its additional claims without first setting aside the Settlement Order, which we think unlikely, it unequivocally acquiesced on the record, on several occasions, to the district court's decision to convert SLMI's complaint into a Rule 60 motion for relief.  *See Mendoza v. Block*, 27 F.3d 1357, 1360 (9th Cir. 1994) (refusing to reverse the district court's decision to resolve questions of fact without a jury where appellant had "stated unequivocally that he had no objection to the suggested procedure").  SLMI has thus failed to preserve any argument to the contrary.  *See id.*  Once the district court properly denied the motion to set aside the ten-year-old Settlement Order, that was the end of the case.

**AFFIRMED**.