**[J-46-2022] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

COUNTY OF FULTON, FULTON COUNTY
BOARD OF ELECTIONS, STUART L.
ULSH, IN HIS OFFICIAL CAPACITY AS
COUNTY COMMISSIONER OF FULTON
COUNTY AND IN HIS CAPACITY AS A
RESIDENT, TAXPAYER AND ELECTOR
IN FULTON COUNTY, AND RANDY H.
BUNCH, IN HIS OFFICIAL CAPACITY AS
COUNTY COMMISSIONER OF FULTON
COUNTY AND IN HIS CAPACITY AS A
RESIDENT, TAXPAYER AND ELECTOR
OF FULTON COUNTY,

    Appellees


    v.


SECRETARY OF THE COMMONWEALTH,

    Appellant

: No. 3 MAP 2022
:
: Appeal from the Order of the
: Commonwealth Court at No. 277
: MD 2021, dated January 14, 2022.
:
: SUBMITTED: October 21, 2022
:

---

**CONCURRING AND DISSENTING OPINION**


**JUSTICE BROBSON**           **DECIDED: April 19, 2023**

Although there are portions of the Majority Opinion that give me such pause that I cannot join it as written, I concur in the Majority's ultimate decision to grant the "Application for an Order Holding Appellees in Contempt and Imposing Sanctions" (Sanctions Application) filed by Appellant, Respondent below, the Secretary of the Commonwealth of Pennsylvania (Secretary). In so doing, I join the Majority's assessment of Commonwealth Court President Judge Cohn Jubelirer's thorough and thoughtful work in this matter as this Court's Special Master. (Maj. Op. at 81 n.162.)

I agree with the Majority's statement of the proof points and attendant burden for those who seek an order of civil contempt. (*Id.* at 51.) While the Majority characterizes these standards as "boilerplate language," I view them as grounded in longstanding and well-established precedent. (*Id.*) I, therefore, caution courts and litigants not to look past these standards, which I do not read the Majority Opinion as discarding. In my view, it should be a rare case where a court goes beyond the four corners of an otherwise clear and unambiguous order, usually so carefully worded by the issuing court or the party seeking the relief,[1] to find civil contempt. As this Court recognized in *Commonwealth v. Garrison*, 386 A.2d 971 (Pa. 1978), which the Majority cites, both "ambiguities *and* omissions in orders redound to the benefit of the person charged with contempt." *Garrison*, 386 A.2d at 977 (emphasis added) (quoting *Ford v. Kammerer*, 450 F.2d 279, 280 (3rd Cir. 1971)). Nonetheless, those to whom this benefit redounds should not be rewarded where the preponderance of the evidence establishes a purposeful scheme to circumvent the plain text of the order so as to achieve that which the order was obviously intended to foreclose. Based on the findings of the Special Master, for which there is ample record support, I am compelled to conclude that we are presented here with one of those rare cases.[2]

I am largely aligned with the Majority on the remedy. I disagree only with the Majority's decision to impound the subject voting equipment at the further expense of the

---

[1] Here, the January 14, 2022 Order issued by this Court is materially identical to the proposed order sought by the Secretary in her "Emergency Application to Stay Third-Party Inspection of Electronic Voting System Scheduled to Begin at 1:00 p.m. on January 14, 2022" (Emergency Application). Both the Secretary's proposed order and this Court's Order granting the Emergency Application refer only to a specific third-party inspection to be conducted on a particular date and at a particular time.

[2] Although I noted my dissent to this Court's January 27, 2022 Order imposing the injunction pending disposition of the Secretary's appeal in this matter, I stand firmly with my colleagues in defending the principle that court orders, unless overturned or rescinded, must be respected and followed by litigants and attorneys alike.

taxpayers of Fulton County. (Maj. Op. 63-66, 79-80.) As the Majority acknowledges, the proverbial horse has left the barn on the evidentiary value of these machines (if they ever had any) in the proceeding below. On this point, I accept President Judge Cohn Jubelirer's proposed finding of fact:

> All chain of custody has been broken, and it is now impossible to determine what the state of the Dominion Voting Equipment was immediately after the Wake TSI Inspection. That is, the Speckin Inspection rendered the Voting Equipment unreliable as evidence of what Wake TSI did, and it impossible to reverse that effect.

(Special Master Report and Recommendations at 60, ¶ 107.) Impoundment, then, will serve no purpose and will simply foist upon the people of Fulton County an unnecessary court-ordered expense.

As all counts in the Amended Petition for Review (Amended Petition) involve primarily legal questions as to the authority of the Secretary to decertify electronic voting systems and the authority of counties to conduct post-election audits of the same,[3] I agree with the Majority that dismissal of the Amended Petition is not an appropriate sanction. (Maj. Op. at 64-65.) I would, instead, preclude Appellees, Petitioners below, from attempting to prove any fact[4] or obtain any relief[5] relative to the counts in their pleading where the post-Wake TSI inspection condition of the now spoliated equipment would be relevant. I would leave it to the Commonwealth Court judge presiding over Petitioners' underlying claims to determine which factual allegations and which relief in the Amended Petition fall within the ambit of this sanction. This, to me, seems an appropriate alternative

---

[3] Maj. Op. at 65 ("[N]otwithstanding the presence of potentially fact-dependent claims, the County's Petition for Review includes pure questions of law pertaining to the Secretary's authority that may be resolved without recourse to the compromised evidence.").

[4] *See, e.g.*, Maj. Op. at 8 & n.20.

[5] *See, e.g.*, Maj. Op. at 9 & n.24.

remedy to the Majority's order for impoundment and is one that we can impose at no expense to the people of Fulton County.